UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVA AVONNE HAYES,<br><br>                    Plaintiff,<br><br>        v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                    Defendant. | Case No. 2:25-cv-01976-TLN-CSK<br><br>FINDINGS & RECOMMENDATIONS<br><br>(ECF Nos. 11, 16) |

Plaintiff Eva Avonne Hayes seeks judicial review of a final decision by Defendant Commissioner of Social Security denying an application for disability insurance benefits and supplemental security income.[1] In the summary judgment motion, Plaintiff contends the final decision of the Commissioner contains legal error and is not supported by clear and convincing evidence. Plaintiff seeks a remand for further proceedings. The Commissioner opposes Plaintiff's motion, filed a cross-motion for summary judgment, and seeks affirmance.

For the reasons below, Plaintiff's motion is DENIED, the Commissioner's cross-motion is GRANTED, and the final decision of the Commissioner is AFFIRMED.

///

---

[1]  This action was referred to the magistrate judge under Local Rule 302(c)(15) for the issuance of findings and recommendations. *See* Local Rule 304.

1

## I.    SOCIAL SECURITY CASES: FRAMEWORK & FIVE-STEP ANALYSIS

The Social Security Act provides benefits for qualifying individuals unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(a). When an individual (the "claimant") seeks Social Security disability benefits, the process for administratively reviewing the request can consist of several stages, including: (1) an initial determination by the Social Security Administration; (2) reconsideration; (3) a hearing before an Administrative Law Judge ("ALJ"); and (4) review of the ALJ's determination by the Social Security Appeals Council. 20 C.F.R. §§ 404.900(a), 416.1400(a).

At the hearing stage, the ALJ is to hear testimony from the claimant and other witnesses, accept into evidence relevant documents, and issue a written decision based on a preponderance of the evidence in the record. 20 C.F.R. §§ 404.929, 416.1429. In evaluating a claimant's eligibility, the ALJ is to apply the following five-step analysis:

**Step One**: Is the claimant engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to step two.

**Step Two**: Does the claimant have a "severe" impairment? If no, the claimant is not disabled. If yes, proceed to step three.

**Step Three**: Does the claimant's combination of impairments meet or equal those listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1 (the "Listings")? If yes, the claimant is disabled. If no, proceed to step four.

**Step Four**: Is the claimant capable of performing past relevant work? If yes, the claimant is not disabled. If no, proceed to step five.

**Step Five**: Does the claimant have the residual functional capacity to perform any other work? If yes, the claimant is not disabled. If no, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The burden of proof rests with the claimant through step four, and with the Commissioner at step five. *Ford v. Saul*, 950 F.3d 1141, 1148 (9th Cir. 2020). If the ALJ finds a claimant not disabled, and the Social Security Appeals Council declines review, the ALJ's decision becomes the final decision of the Commissioner. *Brewes v. Comm'r.*, 682 F.3d 1157, 1161-62 (9th Cir. 2012) (noting the Appeals Council's denial of review is a non-final agency action). At that point, the claimant may seek judicial review

of the Commissioner's final decision by a federal district court. 42 U.S.C. § 405(g).

The district court may enter a judgment affirming, modifying, or reversing the final decision of the Commissioner. *Id.* ("Sentence Four" of § 405(g)). In seeking judicial review, the plaintiff is responsible for raising points of error, and the Ninth Circuit has repeatedly admonished that the court cannot manufacture arguments for the plaintiff. *See Mata v. Colvin*, 2014 WL 5472784, at *4 (E.D. Cal, Oct. 28, 2014) (citing *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (stating that the court should "review only issues which are argued specifically and distinctly," and noting a party who fails to raise and explain a claim of error waives it).

A district court may reverse the Commissioner's denial of benefits only if the ALJ's decision contains legal error or is unsupported by substantial evidence. *Ford*, 950 F.3d. at 1154. Substantial evidence is "more than a mere scintilla" but "less than a preponderance," i.e., "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citations omitted). The court reviews evidence in the record that both supports and detracts from the ALJ's conclusion but may not affirm on a ground upon which the ALJ did not rely. *Luther v. Berryhill*, 891 F.3d 872, 875 (9th Cir. 2018). The ALJ is responsible for resolving issues of credibility, conflicts in testimony, and ambiguities in the record. *Ford*, 950 F.3d at 1154. The ALJ's decision must be upheld where the evidence is susceptible to more than one rational interpretation, or where any error is harmless. *Id.*

## II.   FACTUAL BACKGROUND AND ALJ'S FIVE-STEP ANALYSIS

On July 21, 2021, Plaintiff applied for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act, alleging she has been disabled since June 18, 2020. Administrative Transcript ("AT") 325-326 (available at ECF No. 9). Plaintiff claimed disability due to bipolar II, post-traumatic stress disorder ("PTSD"), depression, and a torn meniscus. AT 381. Plaintiff's applications were denied initially and upon reconsideration, and she sought review before an ALJ. AT 153-157, 178-179. Plaintiff's application was denied initially, but the

Appeals Council granted Plaintiff's request for review and remanded the case back to the ALJ. AT 129-146, 147-150. A second hearing was held on March 24, 2025. AT 58-90.

On April 11, 2025, the ALJ issued a ruling finding Plaintiff not disabled. AT 14. At step one, the ALJ found Plaintiff did not engage in substantial gainful activity since June 18, 2020. AT 19. At step two, the ALJ found Plaintiff had the following severe impairments: status post arthroscopy and early patellofemoral chondromalacia, right knee; obesity; bipolar disorder; generalized anxiety disorder; major depressive disorder; and mood disorder. AT 20. At step three, the ALJ found Plaintiff's combination of impairments did not meet or medically equal any listing. *Id*. (citing 20 C.F.R. Part 404, Subpart P, Appendix 1). Relevant here, the ALJ considered Listings 1.17 (reconstructive surgery or surgical arthrodesis of a major weight-bearing joint) and 1.18 (abnormality of a major joint(s) in any extremity) for Plaintiff's physical impairments, and Listings 12.04 (depressive, bipolar, or related disorders) and 12.06 (anxiety and obsessive-compulsive disorders) for Plaintiff's mental impairments, examining the "Paragraph B" and "Paragraph C" criteria for the mental impairments.[2] AT 20-21. The ALJ found Plaintiff mildly limited in understanding, remembering, or applying information; moderately limited in interacting with others; moderately limited in concentrating, persisting, and maintaining pace; and moderately limited in adapting or managing herself. *Id*. In making these findings, the ALJ noted conflicts in the record between Plaintiff's testimony and the medical evidence. *See id*. The ALJ also found Plaintiff did not demonstrate that she had

---

[2]  "Paragraph B" lists four categories for evaluating how a claimant's mental disorders limit their functioning:  understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. To be found disabled under the Paragraph B categories, the mental disorder must result in an "extreme" limitation of one, or "marked" limitation of two, of the four areas of mental functioning. *See* 20 C.F.R. § Pt. 404, Subpt. P, App. 1, 12.00 Mental Disorders, sub. A.2.b.
"Paragraph C" sets the criteria for "serious and persistent mental disorders," requiring a showing of medically documented history of the existence of the disorder for a period of at least two years. *See* 20 C.F.R. § Pt. 404, Subpt. P, App. 1, 12.00 Mental Disorders, sub. A.2.c.

a serious and persistent medical disorder. AT 21.

The ALJ next found Plaintiff had the residual functional capacity ("RFC") to perform light work (20 C.F.R. § 404.1567(b)), except that Plaintiff could only:

> Frequently balance, stoop, crouch, crawl, kneel, and climb stairs, ramps, ladders, ropes, and scaffolds. She needs to avoid concentrated exposure to extremes of temperatures and workplace hazards, such as moving technical parts and high, exposed places. She can understand, remember, and carryout (*sic*) simple instructions. She can occasionally interact with supervisors and co-workers, but she will need to avoid direct contact with the public. The job cannot provide team or four tandem tasks, and there can be no more than minimal changes in the routine work setting or tasks performed.

*Id*. In making this finding, the ALJ considered Plaintiff's symptom testimony, including Plaintiff's 2021 disability report (AT 381-389) and Plaintiff's testimony at the 2025 hearing (AT 35-57). The ALJ stated she also considered the medical opinions and prior administrative medical findings, as well as Plaintiff's response to treatment. AT 22, 27.

Evaluating the medical opinions on Plaintiff's physical limitations, the ALJ found the opinion of Dr. David H. Van Kirk, M.D., to be generally persuasive. AT 23 (citing AT 1226-1230). Dr. Van Kirk opined that Plaintiff could stand and/or walk cumulative for six to eight hours, lift and carry 25 pounds frequently and fifty pounds occasionally. *Id*. Further, Dr. Van Kirk recommended Plaintiff not be required to work in an extremely cold or damp environment. *Id*.

Evaluating the medical opinions on Plaintiff's mental limitations, the ALJ gave weight to two opinions on the record. AT 24-25. Dr. Karen Rae Sanchez, PsyD, performed an independent psychological consultive examination with Plaintiff on August 30, 2023. AT 24 (citing AT 1389-1401). Dr. Sanchez opined Plaintiff had a mild impairment understanding, carrying out, applying, and remembering simple (one-step) repetitive written and oral instructions. *Id*. Plaintiff was also found to have had a mild impairment understanding, carrying out, applying, and remembering complex, detailed written and oral instructions. *Id*. Dr. Sanchez found no impairment in Plaintiff's sustaining

concentration, attention, consistency, and persistence in work-related activity at a reasonable pace. *Id*. Plaintiff was also found to have a moderate impairment in maintaining effective social interaction on a consistent and independent basis with others and a mild impairment in an ability to adapt to the usual stresses and pressures common to a competitive work environment. *Id*. The ALJ found Dr. Sanchez's opinion to be somewhat persuasive, citing Plaintiff's testimony regarding self-care, low motivation, and depression and anxiety in finding moderate limitations appropriate in concentrating, adapting to stress, interacting with others and carrying out limited instructions. AT 25. Dr. Morgan Aita, Ph.D., also carried out an independent psychological exam with Plaintiff on October 6, 2021. AT 25 (citing 1136-1144). Dr. Aita ultimately concluded Plaintiff's overall cognitive functioning was unimpaired. AT 25 (citing AT 1140). The ALJ found the opinion to be consistent with medical evidence but somewhat less persuasive due to Plaintiff's other treating providers citing ongoing symptoms and side effects from medications. AT 25 (citing AT 1260, 1279, 1291).

Finally, the ALJ reviewed the medical opinions of state agency consultants, including medical opinion testimony from Dr. Crystal M. Duclos, Psy.D. and Dr. Cal Vanderplate, Ph.D., who reviewed Plaintiff's file during her disability determination on January 12, 2022, and at the reconsideration level on May 23, 2022,, and found that Plaintiff's mental impairments were non-severe. AT 25 (citing AT 99, 119). The ALJ found these opinions not fully consistent and persuasive and instead relied on treatment notes from Plaintiff's providers. AT 25-26. The ALJ found opinions on Plaintiff's physical symptoms by Drs. L. DeSouza, M.D., and K. Lee, M.D., to be generally persuasive. AT 26.

Based on the RFC, the ALJ determined at step four that Plaintiff does not have past relevant work. AT 27. However, at step five, the ALJ found Plaintiff capable of performing other jobs in the national economy, including: (i) collator operator, DOT #208.685-010, light, SVP 2, with 29,000 jobs nationally; (ii) sorter, DOT #222.687-014, light, SVP 2, with approximately 14,800 jobs nationally; and (iii) routing clerk, DOT

#222.687-022, light, SVP 2, with approximately 109,000 nationally. AT 27-28.[3] Thus, the ALJ found Plaintiff not disabled during the relevant period. AT 28.

On June 4, 2025, the Appeals Council rejected Plaintiff's appeal. AT 1-3. Plaintiff filed this action requesting judicial review of the Commissioner's final decision, and the parties filed cross-motions for summary judgment. (ECF Nos. 1, 11, 16.)

## III.   ISSUES PRESENTED FOR REVIEW

Plaintiff contends the ALJ erred by failing to provide clear and convincing reasons to discount the more severe aspects of Plaintiff's symptom testimony regarding her mental illness. Plaintiff seeks a remand for further proceedings. (ECF Nos. 11, 16.)

The Commissioner argues the ALJ properly rejected the more severe aspects of Plaintiff's symptom testimony. (ECF No. 15.) Thus, the Commissioner contends the decision as a whole is supported by substantial evidence and should be affirmed. *Id.*

## IV.   DISCUSSION

### A.   Subjective Symptom Testimony

#### 1.   Legal Standards

The ALJ determines whether a disability applicant is credible, and the court defers to the ALJ's discretion if the ALJ used the proper process and provided proper reasons. *See, e.g., Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1995). If credibility is critical, the ALJ must make an explicit credibility finding. *Albalos v. Sullivan*, 907 F.2d 871, 873-74 (9th Cir. 1990). "Without affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be clear and convincing." *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *see also Lambert v. Saul*, 980 F.3d 1266, 1277-78 (9th Cir. 2020).

In evaluating whether subjective complaints are credible, the ALJ should first

---

[3]  "Light" in the ALJ's step-five determination references light work, as defined by 20 C.F.R. §§ 404.1567(b) and 416.967(b).
    "SVP" is "specific vocational preparation," defined as "the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation." See DOT, App. C, § II, available at 1991 WL 688702.

consider objective medical evidence and then consider other factors. *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc). If there is objective medical evidence of an impairment, the ALJ then may consider the nature of the symptoms alleged, including aggravating factors, medication, treatment and functional restrictions. *See id*. at 345-47. The ALJ also may consider: (1) the applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent testimony, (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment, and (3) the applicant's daily activities. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996); *see generally* SSR 96-7P, 61 FR 34483-01; SSR 95-5P, 60 FR 55406-01; SSR 88-13.

"Ultimately, the 'clear and convincing' standard requires an ALJ to show his work." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022). "This requires the ALJ to 'specifically identify the testimony [from a claimant] she or he finds to be not credible and … explain what evidence undermines the testimony." *Lambert*, 980 F.3d at 1277 (quoting *Treichler v. Comm. of Soc. Sec. Admin*., 775 F.3d 1090, 1102 (9th Cir. 2014)). Boilerplate statements and general summaries of the evidence, without more, are not enough. *Id*. at 1277-78. That said, an ALJ is not required "to perform a line-by-line exegesis of the claimant's testimony" or "draft dissertations when denying benefits." *Id*. at 1277. However, an ALJ's detailed overview of the claimant's medical history—coupled with a nonspecific boilerplate conclusion that her testimony is "not entirely consistent" with her medical treatment—is not enough to satisfy the minimal requirements for assessing credibility. *Lambert*, 980 F.3d at 1277-78.

### 2. Analysis

Plaintiff contends the ALJ erred by (1) mischaracterizing contemporaneous and objective findings to prove that Plaintiff inaccurately testified to the severity of her symptoms; (2) erroneously finding Plaintiff's response to medication was favorable; (3) cherry-picking evidence that demonstrated Plaintiff was able to work or attend school; and (4) deficiently citing to evidence to prove that Plaintiff's symptom statements were

/ / /

8

inconsistent with her daily activities.[4] Pl. Mot. at 7-13 (ECF No. 11).

Defendant counters that the ALJ (1) correctly applied regulations and agency policy to find objective medical evidence undermined Plaintiff's subjective symptom testimony; (2) properly found Plaintiff's treatment history undercut her testimony; (3) reasonably weighed evidence that Plaintiff was able to perform work and daily activities that was inconsistent with her testimony; and (4) correctly found inconsistencies in Plaintiff's statements about her functional abilities. Def. Mot. at 5-11 (ECF No. 16).

The ALJ began her analysis by referencing Plaintiff's hearing testimony and disability report. AT 22. Plaintiff's disability report alleged she could not work due to suffering from bipolar II, PTSD, depression, and a torn meniscus. *Id*. Plaintiff's testimony further stated she believed she could not work due to her mental health condition. *Id*. Plaintiff alleged interacting with other people was difficult, she saw a psychiatrist every six to eight weeks and a therapist twice a week, and was taking medication. *Id*. Plaintiff further testified that she lived alone, could prepare small meals, enjoyed reading, and "attempts to get things done around the house." *Id*. She had one good friend for 19 years who she saw a few times a month. *Id*. Plaintiff also testified that she had a hard time sleeping due to her thoughts. *Id*.

The ALJ found that while Plaintiff's medically determinable impairments could be reasonably expected to cause the alleged symptoms, "[Plaintiff's] statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record…" *Id*.

---

[4] Because Plaintiff does not argue the ALJ erred in discounting Plaintiff's subjective symptom testimony with any specificity in her briefing, the Court need not address the issue, which has been forfeited. *See Nadon v. Bisignano,* 145 4th 1133, 1138 (9th Cir. 2025) (citing *Carmickle v. Comm'r, Soc. Sec. Admin*., 533 F. 3d 1155, 1161 n. 2 (9th Cir. 2008) (refusing to address an ALJ's reasons for rejecting Plaintiff's subjective symptom testimony when the claimant "failed to argue th[e] issue with any specificity in the briefing.")).

First, the ALJ cited an intake on October 16, 2020, between Plaintiff and Triage MHBH, where Plaintiff stated she last had medication two years prior and reported anger, rage, and major depressive episodes. AT 26 (citing AT 772). When asked whether she was unable to attend work or school in her clinical notes, Plaintiff responded "no." *Id*. (citing AT 773). The notes also reported Plaintiff was not impaired in basic activities of daily living such as bathing or dressing. *Id*. The intake notes also stated Plaintiff did not have psychotic symptoms that impaired functioning, nor did she have symptoms so severe that relationships with family and friends were significantly affected. *Id*.

The ALJ also referenced Plaintiff's treatment history. AT 23, 26. While incarcerated in November 2020, Plaintiff was diagnosed with bipolar disorder and eventually was treated with medications Lamictal and Seroquel. AT 23-24 (citing AT 1290). Treatment notes from August 2021 showed that while Plaintiff had intrusive thoughts and described low motivation and lack of interest, Plaintiff showed a "pleasant and cooperative demeanor." AT 24. Treatment notes also described her thought process as logical, her thought content goal directed, attention and concentration within normal limitations, and her judgment as good. AT 24 (citing AT 1290-1292). At a return appointment in December 2021, Plaintiff described significant improvement in her mood swings and anxiety and a resolution of night terrors, despite reporting being too groggy for early morning work. AT 24. (citing AT 1276). Finally, a subsequent January 2022 appointment revealed Plaintiff "was doing fairly well." AT 24 (citing AT 1260, 1262). The ALJ concluded Plaintiff had a favorable response to medication, despite some fatigue. *Id*.

In summary, the ALJ specifically highlighted inconsistencies between Plaintiff's subjective testimony and the objective medical record, which included evidence that Plaintiff's condition improved with treatment. AT 22-26. Therefore, the Court concludes that the ALJ provided clear and convincing reasons and recommends denying Plaintiff

summary judgment on this issue and granting Defendant summary judgment on this issue.

**V.      CONCLUSION**

Having addressed all of the points of error raised by Plaintiff, the Court finds the ALJ's decision otherwise supported by substantial evidence in the record and free from legal error. *See Ford*, 950 F.3d at 1148 (noting that a district court may reverse only if the ALJ's decision "contains legal error or is not supported by substantial evidence").

Accordingly, the Court RECOMMENDS:

1.      Plaintiff's motion for summary judgment (ECF No. 11) be DENIED;

2.      The Commissioner's cross-motion (ECF No. 16) be GRANTED;

3.      The final decision of the Commissioner be AFFIRMED; and

4.      The Clerk of the Court is directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  May 22, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

7, haye.1976.25.ss msj

11